GARFUNKEL WILD, P.C.
111 Great Neck Road
Great Neck, New York 11021
Telephone: (516) 393-2588
Facsimile: (516) 466-5964
Burton S. Weston
Afsheen A. Shah
Adam T. Berkowitz

*Proposed Counsel for the Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
In re:

LONG BEACH MEDICAL CENTER, et al. .

Debtor.
-------------------------------------------------------------x
In re:

LONG BEACH MEMORIAL NURSING HOME, INC.
d/b/a THE KOMANOFF CENTER FOR GERIATRIC
AND REHABILITATIVE MEDICINE.

Debtor.
-------------------------------------------------------------x

Chapter 11
Case No. 14-_____( )

Chapter 11
Case No. 14-_____( )
(Joint Administration Pending)

## MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION

Long Beach Medical Center ("**LBMC**"), and Long Beach Memorial Nursing Home, Inc.,

*dba* The Komanoff Center for Geriatric and Rehabilitative Medicine ( "**Komanoff**" each a

"**Debtor** and collectively, sometimes referred to as the "**Debtors**"), hereby move (the "**Motion**")

for an order, substantially in the form of Exhibit A hereto, directing the joint administration of

the Debtors' Chapter 11 cases (the "**Chapter 11 Cases**"). In support of the Motion, the Debtors

rely upon the Affidavit of Douglas Melzer Pursuant to Local Rules 1007-4 and in Support of

First Day Motions, dated February 19, 2014 (the "**Melzer Affidavit**"), and respectfully represent

as follows:

1

2697946v.2

## SUMMARY OF RELIEF REQUESTED

1.      By this Motion, the Debtors seek entry of an Order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), consolidating their chapter 11 cases for procedural purposes only, and providing for joint administration thereof.

2.      Joint administration of these cases will save valuable resources of the Debtors' estates and will avoid an unnecessary duplication of effort. It will also permit the Clerk of the Court to maintain a single general docket for the Debtors' Chapter 11 Cases and combine notices to creditors and parties in interest. Ultimately, the Debtors, their estates, their creditors and all parties in interest will benefit.

## BACKGROUND

3.      On February 19, 2014 (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the Bankruptcy Code (the "**Bankruptcy Code**").

4.      The Debtors remain in possession and operation of their respective assets and continue to manage their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108. A detailed description of the Debtors' business and the reasons for the filing of these Chapter 11 Cases is set forth in the Melzer Affidavit, filed simultaneously herewith and incorporated herein by reference.

5.      No trustee, examiner or creditors' committee has been appointed in these cases.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this Application pursuant to sections 157 and 1334 of title 28 of the United States Code (the "**Judicial Code**"). This is a core proceeding pursuant to section 157(b)(2) of the Judicial Code. Venue of these cases and this Application in

2697946v.2

this district is proper pursuant to sections 1408 and 1409 of the Judicial Code. The statutory predicate for the relief sought herein is Bankruptcy Rule 1015(b).

## BRIEF OVERVIEW OF THE DEBTORS HISTORY AND BUSINESS

7.    Since 1922 Long Beach Medical Center has provided medical services for the residents of Long Beach and it is surrounding communities. Prior to superstorm Sandy, as the primary health care provider for Long Beach Island and the surrounding communities, the Medical Center operated a comprehensive health care organization which included a 162-bed acute care hospital; a 200-bed skilled nursing facility specializing in rehabilitation medicine; a certified home health care agency and numerous outpatient programs. Together, these services allowed the Medical Center to offer a continuum of care – with the ability to meet all of a patients health care needs seamlessly, including acute hospitalization, outpatient services, sub-acute care, rehabilitative care or services from home.

8.    Almost a year after superstorm Sandy caused significant flood damage, Long Beach Medical Center's inpatient services remain closed. The hospital suffered extensive damage to its boilers, mechanical and electrical distributions systems, fire alarm system, communications, food services and laundry services during superstorm Sandy. Restoration of two of the hospital's five wings is complete however, the task of completing the necessary restorations to the facilities proved to great a task to tackle alone.

9.    On January 28, 2013, The Komanoff Center for Geriatric & Rehabilitative Medicine welcomed home 120 nursing home residents who had been evacuated to other facilities in anticipation of the superstorm. They also welcomed 200 employees back to care for the returning residents. The Komanoff Center offers short-term restorative care, long-term care and inpatient hospice care.

2697946v.2

10.     Restoration of two of our five wings is complete and the Debtors are working with the New York State Department of Health on reopening services as quickly as possible.

## RELIEF REQUESTED

11.     By this Motion, the Debtors seek an order pursuant to Rule 1015(b), directing joint administration of the Chapter 11 Cases.

12.     Bankruptcy Rule 1015(b) provides, in relevant part, that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of the debtor and such affiliates. *See* Fed. R. Bankr. P. 1015(b).

13.     Each of the Debtors operate as separate, distinct entities. However, due to the affiliated nature, the Debtors anticipate that notices, applications, motions, other pleadings, hearings and orders in these cases may affect each of the Debtors. If each Debtor's case was administered independently, there would be a great deal of duplication of effort as well as duplicative filings in each case. This would result in a waste of the Debtors' resources and an unnecessary expenditure of fees and expenses.

14.     Joint administration will permit the Clerk of the Court to use a single general docket for the Debtors' Chapter 11 Cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates, thus avoiding duplicative notices, orders and maintaining duplicative files. Joint administration also will protect parties in interest by ensuring that all parties in interest will be apprised of the various matters before the Court in each of the Debtors' cases. The rights of creditors will not be adversely affected because this Motion requests only administrative, and not substantive consolidation of the estates. Moreover, creditors may still file claims against each separate estate. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these Chapter 11 cases. Finally, supervision of the administrative aspects of the Chapter 11 Cases by the

4

United States Trustee for the Eastern District of New York (the "**U.S. Trustee**") will be simplified.

15.    Based on the foregoing, the joint administration of these Chapter 11 Cases is in the best interests of the Debtors, their creditors, and all parties in interest.  Accordingly, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                          Chapter 11

LONG BEACH MEDICAL CENTER,                      Case No. 14-_____( )
et al.
                              Debtors.                          (Jointly Administered)
-----------------------------------------------------------X

16.    The Debtors also request that a docket entry reflecting the joint administration of the Debtors' cases be made in each of the Debtors' cases as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases commenced by: Long Beach Medical Center and Long Beach Memorial Nursing Home, Inc. *dba* The Komanoff Center for Geriatric and Rehabilitative Medicine.

17.    The Debtors also ask authority to file monthly operating reports on a consolidated basis if the Debtors determine, after consultation with the U.S. Trustee, that consolidated reports would further administrative economy and efficiency, do not prejudice any party in interest, and accurately reflect the Debtors' consolidated business operations and financial affairs.

18.    Finally, the Debtors propose and request that all future entries for the Debtors' cases be made under the LBMC case number: 14-_____.

**NOTICE**

2697946v.2

19.     Notice of this application has been given to the (a) United States Trustee; (b) the Debtors' material prepetition and postpetition secured lenders or any agent therefore; (c) the holders of the 30 largest unsecured claims on a consolidated basis; (d) the following state and local taxing and regulatory authorities:  (i) the Centers for Medicare and Medicaid Services, (ii) the New York State Department of Health, (iii) the United States Attorney for the Eastern District of New York, (iv) the Attorney General of the State of New York; (v) the Nassau County Attorney; (vi) Corporation Counsel for the City of Long Beach, (vii) the Internal Revenue Service; (viii) the New York State Department of Taxation and Finance; (e) counsel to SNCH; (f) the United States Department of Justice, Commercial Litigation; (g) the United States Department of Health and Human Services (h) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002.  Inasmuch as no trustee, examiner or creditors' committee has been appointed in this case, Applicant submits that no further notice need be given.

### NO PRIOR REQUEST

20.     No previous application for the relief sought herein has been made by Applicant to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the proposed Order Directing Joint Administration of the Debtors' Cases, a copy of which is attached hereto as Exhibit A, and grant such other and further relief as is just and proper.

2697946v.2

Dated: February 19 , 2014
       Great Neck, New York

                        GARFUNKEL WILD, P.C.

By: _____
               Burton S. Weston
               Afsheen A. Shah
               Adam T. Berkowitz
               111 Great Neck Road
               Great Neck, New York 11021
               Tel: (516) 393-2200
               Fax: (516) 466-5964

               *Proposed Attorneys for Debtors*
               *and Debtors in Possession*

2697946v.2

<u>Exhibit A</u>

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
In re:

| | |
|---|---|
| LONG BEACH MEDICAL CENTER, <br> <u>et al</u>. | Chapter 11 <br> Case No. 14-_____( ) |
| Debtors. | (Joint Administration Pending) |

------------------------------------------------------------------X

## **<u>ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CASES</u>**

Upon the Motion (the "**Motion**") of Long Beach Medical Center ("**LBMC**"), and certain

of its debtor affiliates, as Chapter 11 debtors and debtors in possession (each a "**Debtor**" and

collectively, the "**Debtors**")[1] in the above captioned Chapter 11 cases (the "**Chapter 11 Cases**"),

for entry of an Order Directing Joint Administration, filed February 19, 2014; and the Court

having considered the Motion and having determined that joint administration of these Chapter

11 Cases is in the best interests of the Debtors, their respective estates, creditors and

shareholders; and it appearing that notice of the Motion was good and sufficient under the

particular circumstances and that no other or further notice need be given; and the Court having

reviewed the Motion, the Melzer Affidavit, and having heard the statements in support of the

relief requested therein at a hearing before the Court (the "**Hearing**"), and cause existing for the

relief granted therein, and upon the record herein; and after due deliberation thereon; and good

and sufficient cause appearing therefor; it is hereby:

**ORDERED** that the Motion is GRANTED; and it is further

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number include:  Long Beach Medical Center (5084) and Long Beach Memorial Nursing Home, Inc. dba The Komanoff Center for Geriatric and Rehabilitative Medicine (3422 ).

2697946v.2

**ORDERED** that the above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by the Court; and it is further

```
-----------------------------------------------------X
```
In re:                                                    Chapter 11

LONG BEACH MEDICAL CENTER,                    Case No. 14-_____( )
et al.
                        Debtors.                         (Jointly Administered)
```
-----------------------------------------------------X
```

**ORDERED** that a docket entry shall be made in each of the above captioned as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases commenced by: Long Beach Medical Center and Long Beach Memorial Nursing Home, Inc. dba The Komanoff Center for Geriatric and Rehabilitative Medicine. The docket in Case No. 14-_____ should be consulted for all matters affecting this case.

Dated: Central Islip, New York
          _____, 2014

_____
HON.
UNITED STATES BANKRUPTCY JUDGE

9