GARFUNKEL WILD, P.C.
111 Great Neck Road
Great Neck, New York 11021
Telephone: (516) 393-2588
Facsimile: (516) 466-5964
Burton S. Weston
Afsheen A. Shah
Adam T. Berkowitz

*Proposed Counsel for the
Debtors and Debtors-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

LONG BEACH MEDICAL CENTER, et al.

                       Debtors.
-----------------------------------------------------------------x

Chapter 11
Case No. 14-_____ (__)

(Jointly Administered)

### APPLICATION FOR ORDER PURSUANT TO SECTION 327(A) OF THE BANKRUPTCY CODE AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND RETENTION OF GARFUNKEL WILD, P.C. AS GENERAL BANKRUPTCY COUNSEL FOR THE DEBTORS

Long Beach Medical Center ("**LBMC**") and Long Beach Memorial Nursing Home, Inc. d/b/a The Komanoff Center for Geriatric and Rehabilitative Medicine ("**Komanoff**"), as debtors and debtors-in-possession (each a "**Debtors**" and collectively, the "**Debtors**")[1] in these chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this application (the "**Application**") for entry of an order (the "**Order**"), substantially in the form of Exhibit A hereto, authorizing the employment and retention of Garfunkel Wild, PC as general bankruptcy counsel for the Debtors, *nunc pro tunc* to the date of filing of these cases (the "**Petition Date**"). In support of this Application, the Debtors rely upon the Affidavit of Douglas Melzer Pursuant to Local

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number include: Long Beach Medical Center f/k/a Long Beach Memorial Hospital (5084) and Long Beach Memorial Nursing Home d/b/a The Komanoff Center for Geriatric and Rehabilitative Medicine (3422).

2722829v.2

Bankruptcy Rule 1007-4 and in Support of First Day Motions and Applications (the "**Melzer Affidavit**"), and respectfully represents as follows:

## BACKGROUND

1. On February 19, 2014 (the "**Petition Date**"), each of the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Simultaneously with this Application, the Debtors have sought the joint administration of their cases for procedural purposes only.

2. The Debtors remain in possession of their assets and continue to manage their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee, examiner or committee of creditors has yet been appointed in this case.

3. Information pertaining to the Debtors' businesses, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the Melzer Affidavit pursuant to Local Rule 1007-4 in Support of the First Day Motions. In the interest of brevity, the facts and statements described in the Melzer Affidavit are incorporated herein by reference.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. The Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicates for the relief requested herein are sections 327(a) and 1107 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of the

2

2722829v.2

Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Bankruptcy Rules for the Eastern District of New York (the "**Local Rules**").

## RELIEF REQUESTED

7. By this Application, the Debtors seek authority, pursuant to section 327(a) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, to employ Garfunkel Wild, PC ("**GW**" or the "**Firm**") as their bankruptcy counsel to perform the legal services set forth herein including, among other things, preparation for the commencement and prosecution of the Debtors' cases under chapter 11 of the Bankruptcy Code. In addition, the Debtors desire to retain GW as their counsel to provide such other legal services as are necessary and requested by the Debtors, including, without limitation, healthcare, corporate, finance, real estate, and litigation services.

8. The Debtors have selected GW as their general bankruptcy counsel because GW and its attorneys have extensive experience and knowledge in the fields of debtors' and creditors' rights, debt restructuring and corporate reorganizations, healthcare, tax law, real estate matters, employee benefits and commercial litigation, among other areas.

9. Further, GW has for approximately thirty (30) years represented LBMC and Komanoff as general counsel providing a broad array of legal services including healthcare, financing, litigation and real estate related work. As a consequence, GW is intimately familiar with the Debtors' business and financial affairs, and given the length of its representation, GW is uniquely positioned to serve the Debtors in these cases.

10. In July, 2013, as the Debtors' financial circumstances continued to deteriorate, GW was asked by the Debtors to provide advice with respect to its exigent financial issues,

including among other things, (i) assisting in the development of a restructuring plan or asset disposition that addressed existing indebtedness (ii) assisting in the negotiation, documentation and closing of any potential transaction to partner with another healthcare system for the preservation and expansion of healthcare delivery in the Debtors' community; (iii) interfacing with the NYS Department of Health, CMS and any other regulatory agencies in the implementation of any restructuring or merger plan; (iv) providing any related transactional or litigation counsel or advice that may be required; and (v) providing representation and counsel in developing and implementing strategies to deal with creditor constituencies. As part of the retention, the Debtors also requested that GW provide guidance relative to the defense of pending litigations commenced by various contractors and vendors in connection with the Debtors' efforts to remedy the damage and restore their premises, following the destruction caused by Superstorm Sandy (the "**Construction Litigation**"). GW's assistance was also requested in connection with the preparation of a proper response to administrative demands and subpoenas issued by the Medicaid Fraud Control Unit ("**MFCU**") with respect to a pending regulatory investigations relating to Komanoff (the "**Komanoff Investigation**").

11. In the months leading up to the Chapter 11 filing, GW has been actively involved in this representation. In addition to the significant work required to prepare the filing, including, inter alia, the preparation of the petitions, schedules, statements of affairs, ancillary documents and first day motions, the negotiation and documentation of loan facilities and drafting of a motion to approve DIP financing, GW has devoted a substantial amount of time over the last several months negotiating the terms of an asset purchase agreement with South Nassau Communities Hospital ("**SNCH**") for the sale of substantially all of the Debtors' real property assets relating to the Hospital and the real property and operating assets of the Nursing

4

Home and preparing to file a motion to approve bid procedures and that sale (the "**Preparation Services**"). Throughout this time, GW has also continued to assist and represent the Debtors in the resolution of the Construction Litigations and the Komanoff Investigation.

12. Given the level of GW's involvement to date, the firm is uniquely and well qualified and able to continue to represent the Debtors for the matters in respect of which the firm is to be engaged in this case in a most efficient and timely manner. If the Debtors are required to retain attorneys other than GW in connection with these Chapter 11 Cases, the Debtors and their estates would be prejudiced by the time and expense necessary for such attorneys to become familiar with the Debtors' business operations. In addition, the Debtors have directed GW to work cooperatively with the other professionals retained in this case to avoid duplication and inefficiency.

## SERVICES TO BE RENDERED

13. Subject to the control and further order of this court, GW will be expected to render the following services to the Debtors:

(a) Assist, advise and represent the Debtors in the preparation and prosecution of the Chapter 11 Cases and in its consultations with the creditors' committee and other parties in interest regarding the administration of this case.

(b) Advise the Debtors with respect to their powers and duties as debtors and debtors in possession in the continued management and operation of their business and properties.

(c) Advise the Debtors in connection with any contemplated sales of assets or business combinations, including negotiating any asset, stock purchase, merger or joint venture agreements, formulating and implementing any bidding procedures, evaluating competing offers, drafting appropriate corporate documents with respect to the proposed sales, and counseling the Debtors in connection with the closing of any such sales.

(d) Advise the Debtors in connection with financing issues, negotiate and draft documents relating thereto, provide advise and counsel with respect to the Debtors' prepetition financing arrangements, provide advice to the Debtors in connection with

issues relating to financing and capital structure under any plans of reorganization, and negotiate and draft documents relating thereto.

(e) Advise the Debtors on matters relating to the evaluation of the assumption or rejection of unexpired leases or executory contracts.

(f) Advise the Debtors with respect to legal and regulatory issues arising in or relating to the Debtors' ordinary course of business, including attendance at senior management meetings, meetings with Debtors' financial and turnaround advisors, and meetings of the board of directors.

(g) Assist, advise and represent the Debtors in any investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' businesses and the desirability of the continuation of such businesses, and any other matter relevant to this case or to the formulation of a plan.

(h) Prepare on behalf of the Debtors all motions, applications, answers, orders, report and papers necessary to the administration of the estate.

(i) Assist, advise and represent the Debtors with respect to the negotiation of a plan of liquidation and related agreements, and take any actions necessary to obtain confirmation of the plan, including the collection and filing with the Bankruptcy Court of any acceptances of a plan.

(j) Assist, advise and represent the Debtors in the performance of all of their duties and powers under the Bankruptcy Code and the Bankruptcy Rules and in the performance of such other services as are in the best interests of the Debtors, the creditors and the estates generally.

(k) Perform all other necessary legal services and provide all other necessary legal advice to the Debtors in connection with these Chapter 11 Cases.

14. GW has indicated its willingness to act as general bankruptcy counsel on behalf of the Debtors. Applicant respectfully submits that the retention of GW as general bankruptcy counsel to perform such services is appropriate pursuant to Section 327(a) of the Bankruptcy Code and in the best interests of the Debtors' estate and creditors generally.

15. Except as set forth in the annexed affidavit of Burton S. Weston, Esq. (the "**Weston Affidavit**"), a shareholder of the firm, to the best of Applicant's knowledge, GW, its members, counsel and associates: (a) do not have any connection with the Debtors, their

affiliates, their creditors, the United States Trustee or anyone employed in the Office of the United States Trustee for the Eastern District of New York or any other party-in-interest, or their respective attorneys and accountants, (b) are "disinterested persons" as that term is defined in section 101(14) of the Bankruptcy, and (c) do not hold or represent any interest adverse to the estate.

16. More specifically, as set forth in the Weston Affidavit, and to the best of the Debtors' knowledge, information and belief:

(a) Neither GW nor any attorney at the firm holds or represents an interest adverse to the estates;

(b) GW is not a creditor, an equity holder, or an insider of the Debtors; GW has agreed to waive any prepetition claim it may have against the Debtors for services previously rendered except in connection with the preparation of this Chapter 11 case and related matters including the Komanoff Investigation and the Construction Litigationi.

(c) Neither GW, nor any attorney at the firm, was, within 2 years before the date of the filing of the Debtors' chapter 11 cases, a director, officer, or employee of the Debtors; and

(d) GW does not have an interest materially adverse to the interest of the Debtors' estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or an investment banker specified in the foregoing paragraphs, or for any other reason.

17. Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtors in possession solely because of such person's employment by or representation of the debtors before the commencement of the case." 11 U.S.C. § 1107(b). To the best of the Debtors' knowledge, with the exception of those matters set forth in the Weston Affidavit, the members and associates of GW do not have any connection with the Debtors, their creditors or any other party in interest, or

their respective attorneys and accountants. Accordingly, the Debtors believes GW is "disinterested" and does not hold or represent an interest adverse to the Debtors' estate.

## COMPENSATION AND RETAINER

18. Prior to the filing of its petition, GW was retained by the Debtors to provide services relative to their chapter 11 cases, including, but not limited to, advising the Debtors with respect to restructuring alternatives, advising and defending the Debtors in connection with the pending Construction Litigations and Komanoff Investigation, counseling on general corporate issues and preparing appropriate pleadings and documents necessary for these filings. In connection with this service and the services GW will render in this case, GW received a prepetition retainer of $474,000 (the "**Initial Retainer**") on January 2, 2014 and another $150,000 on February 19, 2014 (the "**Supplemental Retainer**", and, together with the Initial Retainer, the "**Retainer**") Prior to the Petition Date, $439,166.59 of the Retainer was applied to the payment of current fees in the following manner: (i) $55,835.40 to services in connection with the Construction Litigation; (ii) $129,287.49 to the Komanoff Investigation; (iii) $254,043.70 relative to Preparation Services; and (iv) $116,567.00 to work in process in connection with each of these categories of services estimated through the Petition Date. As of the Petition, GW estimates that after application to then existing work in process the balance of the Retainer is approximately 68,266.41.

19. It is anticipated that GW's fees and expenses will be funded by the Debtors upon application therefor in accordance of the provisions of the Bankruptcy Code or in accordance with any other order establishing procedures for the payment of professionals in this case. GW intends to apply to the Court for all such postpetition fees and expenses.

20.    Subject to this Court's approval and in accordance with Bankruptcy Court sections 330 and 331, the Federal Rules of Bankruptcy Procedure, the Debtors requests that GW be compensated on an hourly basis, plus reimbursement of actual and necessary expenses incurred by GW, as more fully set forth in the Weston Affidavit.

### NOTICE

21.    As of the filing of this Motion, no trustee, examiner or creditors' committee has been appointed in these Chapter 11 case. Notice of this Motion has been given to (a) United States Trustee; (b) the Debtors' material prepetition and postpetition secured lenders or any agent therefore; (c) the holders of the 30 largest unsecured claims on a consolidated basis; (d) the following state and local taxing and regulatory authorities: (i) the Centers for Medicare and Medicaid Services, (ii) the New York State Department of Health, (iii) the United States Attorney for the Eastern District of New York, (iv) the Attorney General of the State of New York; (v) the Nassau County Attorney; (vi) the Long Beach City Attorney, (vii) the Internal Revenue Service; and (ix) the New York State Department of Taxation and Finance; (e) counsel to South Nassau; (f) the United States Department of Justice; (g) the United States Department of Health and Human Services, and (h) all parties in interest who have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that no other notice need be given.. The Debtor submits that no other notice need be given.

22.    No previous application for the relief sought herein has been made by Applicant to this or any other Court.

WHEREFORE, Applicant respectfully requests entry of the attached order authorizing it to employ and retain Garfunkel Wild, P.C. as counsel in connection with the prosecution of this case and granting such other and further relief as is just and proper.

Dated: Long Beach, New York
       February 19, 2014

By: _____
Douglas Melzer
President and CEO
Long Beach Medical Center

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

LONG BEACH MEDICAL CENTER, et al.[1]

                   Debtors.

------------------------------------------------------------x

                                      Chapter 11
                                      Case No. 14-_____ (____)

                                      (Joint Administration Pending)

**ORDER PURSUANT TO SECTION 327(A) OF THE BANKRUPTCY
CODE AND LOCAL RULE 2014-1 AUTHORIZING THE EMPLOYMENT AND
RETENTION OF GARFUNKEL WILD, P.C. AS COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the Application the ("**Application**")[2] of Long Beach Medical Center ("**LBMC**") and Long Beach Memorial Nursing Home, Inc. *dba* The Komanoff Center for Geriatric and Rehabilitative Medicine ("**Komanoff**") (each a "**Debtor**" and collectively, the "**Debtors**"), dated February 19, 2014, for an order, pursuant to Section 327(a) of Title 11, United States Code (the "**Bankruptcy Code**"), authorizing the Debtors to employ and retain Garfunkel Wild, P.C. ("**GW**"), as their counsel, *nunc pro tunc* to the Petition Date, all as more fully set forth in the Application; and upon the affidavit of Burton S. Weston, Esq., a shareholder of the firm, sworn to on February 19, 2014 (the "**Weston Affidavit**") and annexed to such Application; and it appearing that the Court has jurisdiction to consider the Application and the relief requested therein; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied based on the representations made in the Application and the Weston Affidavit that GW is a "disinterested" person within the meaning

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number include: Long Beach Medical Center (5084) and Long Beach Memorial Nursing Home, Inc. dba The Komanoff Center for Geriatric and Rehabilitative Medicine (3422).

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application.

2782621v.1

2

of Sections 101(14) and 327(a) of the Bankruptcy Code; and that the relief requested in the Application is in the best interests of the Debtors, their creditors, and all parties-in-interest; and it appearing that due and appropriate notice of the Application has been given under the circumstances; and it appearing that no other or further notice need be given; and after due deliberation; and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED**, that

1. The Application is granted to the extent set forth herein.

2. In accordance with Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), the Debtors be, and hereby are, authorized to employ and retain GW as their counsel on the terms set forth in the Application and the Weston Affidavit, to perform all of the services set forth in the Application, on the terms set forth in the Application and in the Weston Affidavit, *nunc pro tunc* to the Petition Date.

3. GW shall be compensated for fees and reimbursed for reasonable and necessary expenses and will file interim and final fee applications for allowance of its compensation and expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the Eastern District of New York.

4. Prior to any increases in GW's rates, GW shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and counsel for the Official Committee of Unsecured Creditors. The supplemental affidavit shall be filed in accordance with the provisions of Section 330(a)(3)(F) of the Bankruptcy Code. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330

2782621v.1

of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

5. To the extent the Application is inconsistent with this Order, the terms of this Order shall govern.

6. The requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the Eastern District of New York for the filing of a memorandum of law is waived.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**NO OBJECTION:**

_____
Office of the United States Trustee

Dated: Central Islip, New York
      February ___, 2014

                                      _____
                                      UNITED STATES BANKRUPTCY JUDGE

2782621v.1